# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 51559-8-II |
| KRISTOPHER JAMES BROWN, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, J. — Kristopher J. Brown argues that he is entitled to a resentencing hearing because he was 18 years old at the time he committed a murder and his youthfulness was never considered when he was sentenced. Brown argues this personal restraint petition (PRP) is not time barred because it is based on (1) newly discovered evidence and (2) a significant, material, retroactive change in the law. Neither of these exceptions to the time bar apply. Because Brown's PRP is time barred, we dismiss the PRP.

## FACTS

In March 2001, the State charged Brown with first degree murder with a firearm sentencing enhancement and second degree possession of stolen property. Later, the State added a count of first degree burglary. Brown was 18 years old when he committed the charged offenses. The standard sentencing range if Brown was convicted as charged was 291 to 388 months in custody, with an additional 60 months for the firearm sentencing enhancement.

In January 2002, Brown pleaded guilty to one count of first degree murder, which carried a standard sentencing range of 261 to 347 months. As part of the plea agreement, the State agreed

to dismiss the firearm sentencing enhancement and the two other felony charges, recommend a mid-range standard range sentence of 304 months, and allow Brown to argue for a low-end standard range sentence. At sentencing, the trial court imposed a high-end standard range sentence of 347 months of confinement. Brown did not appeal.

In November 2017, Brown filed a CrR 7.8 motion for relief from judgment seeking resentencing. The trial court transferred Brown's CrR 7.8 motion to this court for consideration as a PRP.

ANALYSIS

RCW 10.73.090(1) requires that a PRP be filed within one year of the date that the petitioner's judgment and sentence becomes final. Brown's judgment and sentence became final on February 22, 2002, when it was entered and not appealed. RCW 10.73.090(3)(a). Brown did not file this PRP until 2017, well over one year later. Thus, Brown's PRP is time barred unless he shows that his judgment and sentence is facially invalid, was not rendered by a court of competent jurisdiction, or that one of the enumerated exceptions to the time bar in RCW 10.73.100 applies. RCW 10.73.090(1); RCW 10.73.100.

Brown argues that two exceptions to the time bar apply to his PRP: newly discovered evidence and a significant, material, retroactive change in the law. We disagree.

A. NEWLY DISCOVERED EVIDENCE

Brown argues that his PRP is based on newly discovered evidence because the neuroscience studies showing that young adults have diminished culpability were not available when he was sentenced in 2002. Although the studies Brown references were not available in

2002 when he was sentenced, he does not show that he meets the requirements for the newly discovered evidence exception.

RCW 10.73.100(1) provides that the time bar in RCW 10.73.090(1) does not apply to a PRP based on newly discovered evidence. However, "[t]o meet the newly discovered evidence exemption, a petitioner must present evidence that '(1) will probably change the result of trial, (2) was discovered since the trial, (3) could not have been discovered before trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching.'" *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 13, 513 P.3d 769 (2022) (quoting *In re Pers. Restraint of Fero*, 190 Wn.2d 1, 15, 409 P.3d 214 (2018) (plurality opinion)). Assuming, without deciding, that the newly discovered evidence exception applies to evidence that is relevant only to sentencing rather than trial, Brown fails to satisfy the requirements for the newly discovered evidence exception.

Brown argues he is entitled to relief because he was sentenced prior to research on adolescent brain development and notes that this research shows that youth can significantly mitigate culpability. However, Brown presents nothing that establishes this research is material to him or his sentence. Although Brown was 18 years old at the time of his offense, he has provided no further evidence showing that the mitigating qualities of youth contributed to his offense. *See State v. O'Dell*, 183 Wn.2d 680, 695-96, 697-98, 358 P.3d 359 (2015) (holding "[i]t remains true that age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence. . . [b]ut, in light of what we know today about adolescents' cognitive and emotional development, we conclude that youth may, in fact, 'relate to [a defendant's] crime'" and

therefore, defendant needs to present some evidence establishing that youth diminished culpability (last alteration in original) (citation omitted) (internal quotation marks omitted) (quoting *State v. Ha'mim*, 132 Wn.2d 834, 847, 940 P.2d 633 (1997))). Further, Brown has presented no evidence that shows his culpability for his offense was mitigated by youth such that it is likely that the outcome of his sentencing would have been different. *See Kennedy*, 200 Wn.2d at 13 (To establish the newly discovered evidence exception, petitioner must show that new evidence would have changed the outcome.). Accordingly, Brown has failed to establish that the newly discovered evidence exception to the time bar applies to his PRP.

B.      SIGNIFICANT, MATERIAL, RETROACTIVE CHANGE IN THE LAW

RCW 10.73.100(6) provides that the time bar in RCW 10.73.090(1) does not apply to a PRP when:

> There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

Brown relies on *Monschke*[1] to argue there has been a significant, material, retroactive change in the law. However, *Monschke* is inapplicable because Brown was not sentenced to mandatory life without parole for aggravated first degree murder under RCW 10.95.030.[2] *See*

---

[1] *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021).

[2] Brown appears to concede that there is not a significant, material, retroactive change in the law in his reply brief. Brown admits that he "asks this Court to hold, *for the first time*, that it is cruel

No. 51559-8-II

*Kennedy*, 200 Wn.2d at 24. Brown has failed to show that his PRP is based on a significant, material, retroactive change in the law.

Because Brown has failed to show that his PRP is based on newly discovered evidence or a significant, material, retroactive change in the law, Brown's PRP is time barred. Accordingly, Brown's PRP must be dismissed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, C.J.

Veljacic, J.

---

to sentence a late adolescent to a sentence that includes a mandatory term, unless the court has considered the mitigating factors of youth and found that *none are present*." Pet.'s Reply at 2 (emphasis added).

5